IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CYNTHIA M. FRANKLIN, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. |
| LEXINGTON INSURANCE COMPANY | ) ) ) |
| Defendant. | ) ) ) |

## NOTICE OF REMOVAL

Defendant Lexington Insurance Company ("Lexington") hereby removes to this Court the Missouri state court action, captioned *Cynthia M. Franklin, individually, and on behalf of all others similar situated vs. Lexington Insurance Company*, Case No 1816-CV04397 (the "*Franklin II* Matter") pursuant to the Class Action Fairness Act of 2005 ("CAFA").

## BACKGROUND

On November 28, 2017, Cynthia M. Franklin ("Plaintiff") filed a putative class action against Lexington in the Circuit Court of Jackson County, Missouri, captioned *Cynthia M. Franklin, individually, and on behalf of all others similar situated vs. Lexington Insurance Company*, Case No 1716-CV29091, alleging individual and putative class claims for declaratory relief and breach of contract (the "*Franklin I* Complaint"). *See* Ex. 1, *Franklin I* Compl. ¶¶ 25-48. Plaintiff's claims in the *Franklin I* Complaint arose out of Lexington's alleged practice of applying labor depreciation when calculating the actual cash value ("ACV") of structural damage claims on Missouri property insurance policies. *See id*. ¶¶ 14-19, 23-24, 29, 41. Plaintiff sought declaratory relief; compensatory damages, plus prejudgment interest; and attorneys' fees and costs on behalf of herself and the putative class. *Id*. at pp. 7-8, 10-11.

1

On February 5, 2018, Lexington timely removed the *Franklin I* Complaint to the Western District of Missouri pursuant to CAFA. *See* Ex. 2, Removal of *Franklin I* Compl.. Less than one day after Lexington filed its Notice of Removal, Plaintiff voluntarily dismissed the suit pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). *See* Ex. 3, Notice of Voluntary Dismissal of *Franklin I* Complaint. On February 9, 2018, the Deputy Clerk of the Court entered dismissal of this matter.[1]

One week later, Plaintiff re-filed the same suit against Lexington in the Circuit Court of Jackson County, Missouri ("*Franklin II* Complaint," filed Feb. 16, 2018). With a single exception set forth below, all of the factual allegations in the *Franklin I* Complaint are the same as the *Franklin II* Complaint. The judicial forum is also the same, and there is perfect symmetry of the named parties and the causes of action. The *Franklin II* Complaint is premised on the exact same structural property damage insurance claim as *Franklin I*, and Plaintiff challenges the exact same conduct of Lexington (*i.e.*, allegedly depreciating labor when calculating ACV). Indeed, the *only material difference* between *Franklin I* and *Franklin II* is that Plaintiff narrowed the scope of the putative class in *Franklin II*, so that the amount in controversy would fall below the jurisdictional minimum under the Class Action Fairness Act. *Compare* Ex. 4 redline of *Franklin I* Compl. against *Franklin II* Compl. *with* Ex. 2 Removal of *Franklin I* Compl. Indeed, Plaintiff cut-and-pasted select data from the original Notice of Removal in *Franklin I* for the express purpose of alleging an amount in controversy below the $5 million threshold for *Franklin II*. *See id.*

---

[1] The Deputy Clerk mistakenly specified that dismissal was effectuated pursuant to Rule 41(a)(1)(A)(ii). However, Lexington had not yet responded to the complaint, and had never agreed or stipulated to dismissal. Therefore, dismissal was actually effectuated under Rule 41(a)(1)(A)(i).

Specifically, the *Franklin II* Complaint now excludes commercial policies from the putative class, and is limited only to personal policies. However, with respect to commercial policies versus personal policies, the *Franklin II* Complaint does not allege any material distinctions in the applicable policy language or governing legal standards; and does not allege any relevant differences in Lexington's adjusting practices. On the contrary, *Franklin II* offers no reason whatsoever for narrowing the scope of the putative class to exclude commercial policies, except for the obvious purpose of reducing the amount in controversy to avoid federal jurisdiction. *See* Ex. 4, redline of *Franklin I* Compl. against *Franklin II* Compl.

Plaintiff's voluntary dismissal of *Franklin I*, followed by the immediate re-filing of *Franklin II*—*with no material differences other than the reduction of the amount in controversy*—serves as the functional equivalent of an impermissible attempt to deprive a federal court of jurisdiction through post-removal amendment of the complaint. *See, e.g., Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969) ("plaintiff's post-removal voluntary reduction of his claim to less than the jurisdictional amount[] does not defeat federal jurisdiction acquired through removal.") Such tactic does not defeat the CAFA jurisdiction that attached when the *Franklin I* Complaint was originally filed and removed to this Court.

## ARGUMENT

The *Franklin II* Complaint is removable to this Court because Lexington has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction under CAFA.

### I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

Plaintiff served the Summons and Complaint on the Director of Insurance for the State of Missouri on March 28, 2018. This Notice of Removal has been filed within 30 days thereof, and is therefore timely under 28 U.S.C. § 1446(b). As required under 28 U.S.C. § 1446(a), true and

3

correct copies of all process, pleadings, and orders served upon Lexington are attached hereto. *See* Ex. 5.

Venue is proper in this Court because it corresponds to the district and division where this litigation was filed. *See* 28 U.S.C. § 1441(a); *see also* Local R. 3.1(a) ("The District comprises the following divisions … Western Division … the count[y] of … Jackson").

In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Lexington shall give written notice to Plaintiff and to the Circuit Court of Jackson County, Missouri of its filing of this Notice of Removal.

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER CAFA.

Federal jurisdiction attached when the *Franklin I* Complaint was originally removed to this Court. *See* Ex. 2, Removal of the *Franklin I* Compl., ¶¶ 8-21. Notwithstanding the voluntary dismissal of *Franklin I* and the re-filing of *Franklin II*, this Court retains jurisdiction because: (1) Lexington has a "substantial right" to remove and proceed in federal court, and (2) the *Franklin II* Complaint functions as a post-removal amendment that does not defeat federal jurisdiction.

### A. Lexington's Right To Remove Is A "Substantial Right" That Warrants Protection.

Longstanding precedent from both the U.S. Supreme Court and the Eighth Circuit establishes that the right to remove and proceed in federal court is a "substantial right" that must be protected from "devices … which are used for the very purpose of destroying that right." *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1214-15 (8th Cir. 2011) (quoting *Jones v. Mosher*, 107 F. 561, 564 (8th Cir. 1901) (internal citation omitted)); *see also Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907) ("Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be

4

[] vigilant to protect the right to proceed in the Federal court"). Here, there is no conceivable basis for the modifications in the *Franklin II* Complaint, other than a transparent attempt to elude federal jurisdiction. *Compare* Ex. 4 redline of *Franklin I* Compl. against *Franklin II* Compl. *with* Ex. 2 Removal of the *Franklin I* Compl. Thus, Lexington's substantial right to proceed in federal court enjoys protection against Plaintiff's "device," (*i.e.*, the *Franklin II* Complaint) that would otherwise defeat federal jurisdiction.

> **B.** *Franklin II* **Functions As A Post-Removal Amended Complaint That Cannot Deprive This Court of Jurisdiction.**

Federal jurisdiction is determined by the allegations of the complaint at the time the notice of removal is *first* filed. *See Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) ("It is axiomatic the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal."); *see also Hatridge*, 415 F.2d at 814 ("It is the situation at the time of removal which is determinative."); *McLauchlin v. Sight*, No. 4:16-cv-0542-DGK, 2016 WL 4077237, at *1 (W.D. Mo. Aug. 1, 2016) ("Whether the amount in controversy requirement is met is determined by looking at the complaint as of the time the notice of removal is filed."). While a plaintiff may amend the complaint post-removal, changes in the amount in controversy do not defeat federal jurisdiction. *See Hatridge*, 415 F.2d at 814; *see also Recovery Mgmt. Corp. v. Commerce & Indus. Ins. Co.*, No. 13-00998-cv-W-GAF, 2013 WL 12142589, at *4 (W.D. Mo. Dec. 11, 2013) ("Plaintiff's post-removal [a]ffidavit [reducing the total amount of damages] does not defeat this Court's diversity jurisdiction").

In light of clear precedent holding that post-removal amendments reducing the amount in controversy do not defeat federal jurisdiction, Plaintiff cannot achieve the same effect through the ploy of voluntary dismissal and refiling. Indeed, courts within the Eighth Circuit have repeatedly held that a plaintiff cannot utilize voluntary dismissal as a forum shopping measure,

5

which is precisely what Plaintiff has done. *See Thatcher*, 659 F.3d at 1214 ("we have repeatedly stated that it is inappropriate for a plaintiff to use voluntary dismissal as an avenue for seeking a more favorable forum."); *Wingo v. State Farm Fire & Cas. Co.*, No. 13-3097-CV-S-FJG, 2013 WL 4041477, at *1 (W.D. Mo. Aug. 8, 2013) ("[I]t is obvious that plaintiff's intention in requesting voluntary dismissal is to avoid federal court, which is improper forum shopping under Eighth Circuit precedent."); *Cahalan v. Rohan*, 423 F.3d 815, 818 (8th Cir. 2005) ("A party may not dismiss simply to avoid an adverse decision or seek a more favorable forum."); *Blaes v. Johnson & Johnson*, 858 F.3d 508, 512 (8th Cir. 2017) ("A plaintiff cannot use a motion to voluntarily dismiss to seek a more favorable forum."); *B.S. ex rel. Soderberg v. Forest Labs., Inc.*, No. 2:15-cv-04002-NKL, 2015 WL 4135508, at *2 (W.D. Mo. July 8, 2015) ("If the Plaintiffs were permitted to refile their case in [state court] this would likely prevent [d]efendants [from] litigating this dispute in a federal forum. As [d]efendants properly removed the action to federal court, it would be inappropriate for the Court to now permit [p]laintiffs to refile the case, thereby depriving [d]efendants of a federal forum for the litigation"). These cases make clear that voluntary dismissal cannot be utilized as a means to thwart federal jurisdiction.[2] Accordingly, Plaintiff's procedural maneuver does not preclude removal.

C. **The CAFA Prerequisites Are Satisfied.**

As Lexington has previously demonstrated in its removal papers, the CAFA requirements are satisfied here. *See* Ex. 2, Removal of the *Franklin I* Compl., ¶¶ 8-21. Specifically, the putative class consists of more than 100 members, *see id.* ¶ 9; Ex. 5, *Franklin II* Compl., ¶¶ 31-

---

[2] Lexington does not dispute that plaintiff had the right to voluntarily dismiss under Rule 41(a)(1)(A)(i); and Lexington does not contend that such action is sanctionable. *See Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069 (8th Cir. 2017). However, even if Plaintiff's conduct is not sanctionable, the Eighth Circuit has never held that plaintiffs are entitled to use Rule 41(a)(1)(A)(i) as a tool to circumvent the proscription against defeating federal jurisdiction through an amended complaint that reduces the amount in controversy.

35, and there is minimal diversity because Plaintiff is a citizen of Missouri, while Lexington "is a corporation organized and existing under Delaware law with its principle place of business in Boston, Massachusetts." *See* Ex. 2, Removal of the *Franklin I* Compl., ¶¶ 10-13; Ex. 5, *Franklin II* Compl., ¶¶ 1-2. Based on the original *Franklin I* Complaint, the amount in controversy exceeds $5 million in the aggregate, exclusive of interest and costs. *See* Ex. 2, Removal of the *Franklin I* Compl., ¶¶ 14-19. And finally, none of the exceptions to CAFA apply. *See id.* ¶¶ 20-21. Accordingly, this matter is properly removable under CAFA.

**WHEREFORE,** Lexington respectfully requests that this Court assume full jurisdiction over this action.

Respectfully submitted this 27th day of April, 2018.

*/s/ Wade P.K. Carr*
Wade P.K. Carr          MO Bar No. 62786
DENTONS US LLP
4520 Main Street
Suite 1100
Kansas City, MO 64111
Telephone: (816) 460-2400
Email: wade.carr@dentons.com

Mark L. Hanover (*pro hac vice* application to be submitted)
Kristine M. Schanbacher (*pro hac vice* application to be submitted)
DENTONS US LLP
233 South Wacker Drive
Suite 5900
Chicago, IL 60606
Telephone: (312) 876-8178
Email: mark.hanover@dentons.com
kristine.schanbacher@dentons.com

*Attorneys for Defendant Lexington Insurance Company*

## CERTIFICATE OF SERVICE

I, Wade P.K. Carr, hereby certify that on this 27th day of April, 2018, I caused a true and correct copy of the foregoing **NOTICE OF REMOVAL** to be electronically filed with the clerk of the court using the CM/ECF system and sent via e-mail to the following attorneys of record:

David T. Butsch
Christopher E. Roberts
BUTSCH ROBERTS & ASSOCIATES LLC
231 South Bemiston Avenue
Suite 260
Clayton, MO 63105
*butsch@butschroberts.com*
*roberts@butschroberts.com*

Joe D. Jacobson
JACOBSON PRESS, P.C.
168 North Meramec Avenue
Suite 150
Clayon, MO 63105
*jacobson@archcitylawyers.com*

*/s/ Wade P.K. Carr*
Wade P.K. Carr

*An Attorney for Defendant Lexington Insurance Company*